UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MICHAEL SCOTT CONNOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | No. 3:11-CR-114 |
| v. | ) | 3:13-cv-599 |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | (VARLAN / SHIRLEY) |
| Respondent. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

This case is before the Court on Petitioner Michael Scott Connor's *pro se* motion [Doc. 131] to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. On November 1, 2016, Chief United States District Judge Thomas A. Varlan referred [Doc. 166] the matter to the undersigned for the appointment of counsel and for an evidentiary hearing to determine whether Petitioner timely requested Attorney Andrew Roskind file a notice of appeal on his behalf. The Court appointed [Doc. 167] Attorney Ruth Thompson Ellis to represent the Petitioner on this issue and scheduled a status conference for December 6, 2016. The parties appeared before the undersigned on that date. The Petitioner appeared and was represented by Ms. Ellis. Assistant United States Attorney David C. Jennings appeared for the Government.

At the December 6 hearing, Ms. Ellis informed the Court that the Petitioner wanted to withdraw his § 2255 motion [Doc. 131]. She said the Petitioner told her that he had sent a motion to withdraw his § 2255 motion in 2015.[1] She stated that the Petitioner was also litigating a post-conviction motion to reduce his sentence based on an amendment to the Sentencing Guidelines in drug cases. She said the Petitioner still wanted to pursue his motion to reduce sentence. The Court advised the Petitioner that if he withdrew his motion to vacate his

---

[1] The docket reflects that the Court never received this *pro se* motion to withdraw Petitioner's § 2255 motion.

sentence pursuant to § 2255, he would not be able to refile that motion and the claims alleged therein could not be brought at a later time. Petitioner Connor stated that he understood this and agreed that he wanted to withdraw his *pro se* motion to vacate his sentence.

The Court finds that the Petitioner has knowingly and voluntarily withdrawn all claims raised in his section 2255 motion, including his allegation that he instructed Attorney Roskind to file a direct appeal on his behalf. Accordingly, because the Petitioner is no longer pursuing his section 2255 motion, the undersigned respectfully **RECOMMENDS** the District Judge accept Petitioner Connor's withdrawal of his motion and dismiss the section 2255 motion [**Doc. 131**] with prejudice. The Court also **RECOMMENDS** that no certificate of appealability issue for this case because Petitioner Connor is no longer pursuing his constitutional claims of the ineffective assistance of counsel. See 28 U.S.C. § 2253(c)(2) (providing that a "certificate of appealability may issue [in a § 2255 proceeding] only if the applicant has made a substantial showing of the denial of a constitutional right"). Because the Petitioner has knowingly and voluntarily withdrawn his § 2255 motion, the undersigned finds that any appeal of the dismissal of his motion would be frivolous and not taken in good faith.[2]

                                              Respectfully submitted,

                                              */s/ Bruce Guyton*
                                              United States Magistrate Judge

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order). The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).